ALAN RAY EDMONDSON

V.

COMMONWEALTH OF VIRGINIA

Record No. 940055

September 16, 1994

Present: All the Justices

*Theresa B. Berry (Samford & Berry,* on brief), for appellant.
*H. Elizabeth Shaffer, Assistant Attorney General (James S. Gilmore, III, Attorney General* on brief), for appellee.

JUSTICE LACY delivered the opinion of the Court.

In this appeal, we consider whether the trial court erred in giving a jury instruction on the use of a false name following the commission of a crime.

On July 23, 1991, jewelry and electronic equipment were taken from two homes in Virginia Beach. The homes were less than a mile apart. Later that evening, the investigating officers saw a car fitting the description of a vehicle seen leaving the scene of one of the burglaries. The car was parked in front of a motel room door and the car door was open. Detective Nathaniel M. Bordner, hoping to find the owners of the car, knocked on the motel room door. Alan Ray Edmondson and another person came to the door and indicated that they owned the car.*

Following that encounter, Detective Bordner left the motel to obtain search warrants for the room and the car. When Detective Bordner returned to the motel and began to execute the search warrants, he asked Edmondson to identify himself. Edmondson gave his name as Jeffery Carthew. Some of the stolen items were found in the motel room.

Subsequently, Edmondson was charged and convicted by a jury in the Circuit Court of the City of Virginia Beach of two counts of burglary and two counts of grand larceny. He was sentenced to a total of 23 years' imprisonment. The Court of Appeals affirmed his conviction and we awarded Edmondson an appeal.

The sole issue on appeal is whether the trial court erred in giving the following jury instruction:

> The Court instructs the jury that the intentional assumption of a false name immediately after the commission of a crime that has been committed is not, of course, sufficient evidence in itself to establish his guilt, but is a fact which, if proved, may be considered by the jury in the light of all other evidence in the case in determining the guilt or innocence, whether or not evidence of assuming a false name shows a

---

* The owner of the car was later identified as the step-father of a third occupant of the motel room.

consciousness of guilt and the significance to be attached to any such evidence are matters exclusively within the province of the jury. In considering any evidence of assuming a false name, the jury should consider the motive which prompted it.

The Commonwealth asserts that the instruction was proper because the use of a false name after the commission of a crime is a species of flight and a jury may be so instructed regarding flight from the scene of a crime. Furthermore, the Commonwealth contends that the facts of this case supported the instruction.

Edmondson agrees that flight from a crime may be relevant to show an accused's guilty conscience, and that a jury may be instructed on flight. Furthermore, Edmondson concedes that evidence showing the use of a false name may be admitted to show flight. He argues, however, that the instruction should not have been given because it improperly highlighted this single piece of evidence and because, in this case, there was insufficient connection between the use of the false name and the crimes in either location or time. Edmondson's use of the false name "could have had any explanation," and, therefore, allowing an inference that Edmondson "was exhibiting a guilty conscience" by using the false name was improper. We disagree.

Instructions allowing the jury to consider flight as an action tending to show guilt are not considered to be improper comments on the evidence and are given routinely by the courts of this Commonwealth with the approval of this Court. *Boykins v. Commonwealth*, 210 Va. 309, 313-14, 170 S.E.2d 771, 774 (1969); *Carson v. Commonwealth*, 188 Va. 398, 408, 49 S.E.2d 704, 708 (1948). The use of a false name following the commission of a crime, as conceded by Edmondson, can constitute a form of flight. In this context, evidence showing the use of a false name following the commission of a crime should be treated in the same manner as evidence of flight. Therefore, a proper instruction to the jury on the use of a false name, when supported by the evidence, is not an improper comment on the evidence.

The instruction given in this case, like those approved for use with respect to flight itself, allows the use of a false name to be considered as evidence in determining guilt or innocence only if it is proved that the false name was intentionally used immediately after the commission of a crime. The instruction cautions the jury that, even if proven, the use of a false name, by itself, is not

sufficient to establish the defendant's guilt. It also instructs the jury to consider the motive for using the false name. The instruction itself, therefore, is proper.

■ The evidence shows that Edmondson did give a false name to the police and gave it at a time when he was aware that the officer had search warrants and was about to serve them. The incident occurred at a motel located within the same general area of the city where the crimes were committed. The false name was given within a 12-hour period after the commission of the crimes, a period during which Detective Bordner initially approached the defendant, and then took steps to secure search warrants. Under the facts of this record, we conclude that the evidence was sufficient to support the instruction which allowed the jury to determine whether the use of a false name showed a consciousness of guilt.

Accordingly, we will affirm the judgment of the Court of Appeals.

*Affirmed.*

JUSTICE STEPHENSON, with whom JUSTICE WHITING and JUSTICE HASSELL join, dissenting.

Unquestionably, evidence that Edmondson gave a false name was admissible as a circumstance which the jury may take into consideration along with other facts and circumstances tending to establish guilt or innocence. I think, however, that the trial court erred in granting the instruction emphasizing this particular evidence.

We repeatedly have held that it is reversible error for a trial court to single out for emphasis a part of the evidence that tends to establish a particular fact. *See, e.g., Medina* v. *Hegerberg,* 245 Va. 210, 212, 427 S.E.2d 343, 345 (1993); *Nelms* v. *Nelms,* 236 Va. 281, 286, 374 S.E.2d 4, 7 (1988); *LeVasseur* v. *Commonwealth,* 225 Va. 564, 595, 304 S.E.2d 644, 661 (1983); *Snyder* v. *Commonwealth,* 220 Va. 792, 797, 263 S.E.2d 55, 58 (1980); *Woods* v. *Commonwealth,* 171 Va. 543, 547-48, 199 S.E. 465, 467 (1938). This sound rule is consistent with another well-established rule in Virginia that trial judges are not permitted to comment on the evidence in the presence of a jury.

The majority, however, states that "[i]nstructions allowing the jury to consider flight as an action tending to show guilt are not considered to be improper comments on the evidence and are given routinely by the courts of this Commonwealth with approval of this Court." In support of its position, the majority cites *Boykins* v. *Commonwealth*, 210 Va. 309, 313-14, 170 S.E.2d 771, 774 (1969), and *Carson* v. *Commonwealth*, 188 Va. 398, 408, 49 S.E.2d 704, 708 (1948). I do not read those cases so broadly.

In *Boykins*, the defendant did not challenge the giving of an instruction dealing with flight, but merely contended that the granted instruction was erroneous because it did not contain the words, "if proven." 210 Va. at 313-14, 170 S.E.2d at 774. We held, in *Boykins*, that failure to include the words, "if proven," in the instruction was not reversible error. *Id.* at 314, 170 S.E.2d at 774.

In *Carson*, we did say that "[t]he jury may be told that such flight is an element, a circumstance which they may take into consideration along with other facts and circumstances tending to establish guilt or innocence." 188 Va. at 408, 49 S.E.2d at 708. Although this statement seems to support the majority's view, I submit that a close reading of *Carson* shows that this statement is dicta.

If, however, we have somehow approved an exception to the general rule with respect to the giving of an instruction regarding the flight of an accused, I am unwilling to join the majority in creating an additional exception with respect to the giving of a false name. Accordingly, I respectfully dissent.