**Kim HANNA, Plaintiff,**

v.

**Michael C. GRAVETT, and State Farm Mutual Automobile Insurance Company, Defendants.**

**No. CIV.A.4:03 CV 19.**

United States District Court,
E.D. Virginia,
Newport News Division.

May 13, 2003.

Robert J. Zakroff, Esquire, Zakroff & Associates, Bethesda, MD, for Plaintiff Counsel.

Benjamin P. Lynch, Jr., Esquire, Harris, Fears, Davis, Lynch & McDaniel, Norfolk, VA, Counsel for Defendant Gravett.

Richard Y. Atlee, Esquire, Joseph M. Young, Esquire, Richard Y. Atlee, Jr., Esquire, Hall, Fox and Atlee, P.C., Hampton, VA, Counsel for Defendant State Farm.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on defendant State Farm Mutual Automobile Insurance Company's motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and defendant Michael Gravett's motion to sever. For the reasons stated below, the court **DENIES** both motions.

### I. Factual and Procedural History

For purposes of this motion, the following facts, alleged in the complaint, are taken as true. On February 18, 2001, plaintiff Kim Hanna ("Hanna") was injured when a vehicle driven by Michael C. Gravett ("Gravett") collided with the rear end of Hanna's car on Interstate 64 in Hampton, Virginia. Hanna suffered permanent injuries to her back, neck, and jaw, as well as emotional distress. Hanna claims damages in the amount of $150,000. Gravett's insurance coverage was limited to $25,000 at the time of the accident, thereby making him an underinsured motorist. Hanna, on the other hand, was covered by a policy issued by State Farm Mutual Automobile Insurance Company ("State Farm") which included underinsured motorist coverage ("UIM"). Gravett's liability carrier offered to settle with Hanna for the full amount of Gravett's policy limits; it also notified State Farm of this settlement offer. State Farm refused to consent to acceptance of the settlement offer and paid to Hanna the limits of Gravett's policy but has refused to pay more.

Hanna then filed a complaint in this court.[1] Count One alleges that Gravett

---

1. The court has jurisdiction over the claims asserted by virtue of 28 U.S.C. § 1332; the

was negligent in the operation of his vehicle and is responsible for her injuries. Count Two alleges that State Farm breached its contract with Hanna by willfully withholding her underinsured motorist benefits. On March 14, 2003, State Farm filed its answer along with a motion to dismiss, pursuant to Federal Rule of Procedure 12(b)(6). On March 24, 2003, Gravett filed his answer as well as a motion to sever. The issues have been fully briefed; therefore, the matters are ripe for review.

## II. Analysis

### A. Motion to Dismiss

A complaint should not be dismissed for failure to state a claim pursuant to Rule 12(b)(6), unless it appears to a certainty that the nonmoving party cannot prove any set of facts in support of its claim that would entitle it to relief. *See, e.g., Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80; *Labram v. Havel,* 43 F.3d 918, 920 (4th Cir.1995). The standard governing Rule 12(b)(6) dismissal motions requires that a court reviewing such a motion accept the complaint's factual allegations as true and view the allegations in the light most favorable to the nonmoving party. *Papasan v. Allain,* 478 U.S. 265, 283, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993).

■ State Farm argues that Count Two must be dismissed because Hanna is not permitted to institute a direct action against her insurance company under these circumstances. Specifically, State Farm contends that under Virginia's Uninsured Motorist Statute,[2] a plaintiff cannot bring suit against the underinsured motorist and the insured's carrier at once; instead, she must first establish liability against the motorist before proceeding against her carrier. *See* Va.Code § 38.2–2206(F) (Repl.Vol.2002).[3] Hanna contends that Maryland law governs this case and that the Maryland UIM statute permits contemporaneous actions against underinsured motorists and the plaintiff's liability carrier. *See* Md.Code Ann. § 19–509 *et seq.* (Repl.Vol.2002). If State Farm is correct, then Hanna's suit against State Farm is premature. Conversely, if Hanna is correct, both parties may be joined in one action and dismissal is inappropriate.

parties have complete diversity and the amount in controversy exceeds $75,000. Gravett is a Virginia resident. State Farm is licensed to do business in Virginia. The plaintiff currently resides in Hanover, Pennsylvania. At the time of the accident, she was a resident of Laurel, Maryland.

2. Section 38.2–2206(A) provides in part:

Except as provided [elsewhere], no policy or contract of bodily injury or property damage liability insurance relating to the ownership, maintenance, or use of a motor vehicle shall be issued or delivered in this Commonwealth to the owner of such vehicle or shall be issued or delivered by any insurer licensed in this Commonwealth upon any motor vehicle principally garaged or used in this Commonwealth unless it contains an endorsement or provisions un-

dertaking to pay the insured all sums that he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle.... The endorsement or provision shall also obligate the insurer to make payment for bodily injury or property damage caused by the operation or use of an underinsured motor vehicle to the extent the vehicle is underinsured, as defined in subsection B of this section.

3. Subsection 38.2–2206(F) provides that if an action is brought against the uninsured driver, "the insured shall serve a copy of the process upon this insurer in the manner prescribed by law, *as though* the insurer were a party defendant." (emphasis added). Virginia case law has interpreted this provision to bar plaintiffs from naming the UIM carrier as a party defendant. *Zurenda v. Holloman,* 616 F.Supp. 212, 214 (E.D.Va.1985).

■ Resolution of this issue requires the court to determine whether the UIM coverage is governed by the law of Virginia or by the law of Maryland. A federal court sitting in diversity must apply the choice of law rules of the forum state. *See, e.g., Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Virginia law, therefore, governs the choice of law rule that the court must apply. In insurance coverage disputes, the general rule in Virginia is that "the law of the place where an insurance contract is written and delivered controls issues as to its coverage." *Buchanan v. Doe,* 246 Va. 67, 431 S.E.2d 289 (1993). However, the threshold issue in this case is not one of contract interpretation, but rather involves the question of "whether Virginia would imply its uninsured motorist [statutory] provisions within the contract irrespective ... of where the policy was issued or delivered." *Wood v. State Farm Mut. Auto. Ins. Co.,* 432 F.Supp. 41, 42 (W.D.Va.1977) (Virginia UIM "statute clearly mandates this analysis before the court can apply Virginia's general conflict of laws principle.").

■ In *Rose v. Travelers Indemnity Co.,* the Supreme Court of Virginia held that § 38.2–2206 will govern a UIM claim if: (1) the insurance policy was issued or delivered in Virginia or (2) the insurer was licensed to transact business in Virginia *and* the insured vehicle was principally used or garaged in Virginia. 209 Va. 755, 167 S.E.2d 339, 342 (1969); *see also Gulf Ins. Co. v. Davis,* 1995 U.S.App. LEXIS 22273, at *10–11, 1995 WL 479889, **3–4 (4th Cir.1995) (discussing federal and state cases recognizing that § 38.2–2206(A) is a statutory choice of law provision that supplants the common law rule); *accord Bray v. Ins. Co. of the State of Penn.,* 917 F.2d 130 (4th Cir.1990) (applying § 38.2–2206 to a policy issued and delivered in Pennsylvania). Applying these principles to this case, State Farm must meet one of these

conditions or the court will look to the law of Maryland, where the policy was issued and delivered, to determine UIM coverage.

The complaint alleges that the State Farm insurance policy was issued and delivered in Maryland. Therefore, the case does not fit within the first category of § 38.2.2206(A). Nor does it fall within the second. Although State Farm is licensed to transact business in Virginia, the complaint alleges that plaintiff, a Maryland resident, used and garaged her vehicle in Maryland at the time of the accident. Indeed, the only nexus with Virginia is the location of the automobile accident. Therefore, the court concludes that § 38.2–2206 is inapplicable to the situation at bar and that Maryland law controls.

■ Having concluded that Maryland law governs Hanna's suit against State Farm, the court must determine whether Maryland permits contemporaneous suits against tortfeasors and insurance companies. Maryland's Insurance Code requires that every motor vehicle insurance policy "issued, sold, or delivered in this State ... shall contain" uninsured and underinsured motorist coverage. Md. Ann.Code § 19–509. In interpreting Maryland's Insurance Code, Maryland courts have consistently held that when an insured has incurred damages as a result of the allegedly tortious driving by an underinsured motorist, she has the option of bringing a contract action against her insurer to recover under her policy or of bringing a tort action against the tortfeasor. *Lane v. Nationwide Mut. Ins. Co.,* 321 Md. 165, 582 A.2d 501, 503 (1990); *Allstate Ins. v. Miller,* 315 Md. 182, 553 A.2d 1268, 1269 (1989). A third option is to bring both actions in one lawsuit. *Lane,* 582 A.2d at 503 n. 3; *Miller,* 553 A.2d at 1269. "[B]y being named as a defendant in or by intervening in the tort action, the insurer may ordinarily litigate in that action a policy coverage issue as well as the underlying

tort liability and damages issues." *Waters v. USF & G*, 328 Md. 700, 616 A.2d 884, 892 (1992). Therefore, under Maryland law, plaintiff is entitled to proceed simultaneously with her claim for breach of contract against State Farm and the tort claim against Gravett. Defendant State Farm's motion to dismiss is **DENIED**.

### B. Motion to Sever

■ Defendant Gravett has moved to sever the tort claim from the contract claim, pursuant to Rule 21 of the Federal Rules of Civil Procedure, arguing that the parties are misjoined. Gravett submits that the tort claim and the contract claim have no questions of law or fact in common because the claims do not arise out of the same transaction or occurrence. Hanna contends that the tort and contract claims are properly before the court and should not be severed.

■ A district court possesses broad discretion in ruling on a requested severance under Rule 21. *See Saval v. BL, Ltd.*, 710 F.2d 1027, 1031–32 (4th Cir. 1983); 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1689 (2nd ed.1986). While Rule 21 is silent on the standard applicable for determining misjoinder, courts have uniformly held that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a). *See, e.g., Olan Mills, Inc., of Tennessee v. Enterprise Pub. Company*, 210 F.2d 895, 896 (5th Cir.1954) (noting that Rule 20 assists districts courts in determining misjoinder of parties); *Epstein v. Kemper Ins. Companies*, 210 F.Supp.2d 308, 320 (S.D.N.Y. 2002) (same); *Carbon Fuel Co. v. USX Corp.*, 867 F.Supp. 414 (S.D.W.Va.1994)

(same). Rule 20(a) provides, in part, that a plaintiff may join defendants in one action "if there is asserted against them ... any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." The Supreme Court has said that Rule 20(a) must be interpreted to allow for the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Therefore, "the rule should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Saval*, 710 F.2d at 1031. Accordingly, the court must determine whether judicial economy will be aided by joinder.

Considering the aforementioned factors, the court determines that joinder is proper here. In the case at bar, plaintiff has asserted a right to relief as to both defendants arising out of the same "series of transactions or occurrences." *See* Rule 20(a). Further, there are facts common to both defendants. The legal obligations of both defendants are based upon a factual showing of Gravett's negligence. Finally, the extent of Hanna's damages will have a bearing on the extent of each defendant's liability.

Considering the fairness to the parties as well as judicial economy and prevention of multiple lawsuits, the court finds that severance is not warranted in this case. Gravett has presented no evidence that either party will be prejudiced.[4] More-

---

4. Gravett merely contends that he will be prejudiced if the amount of his liability insurance coverage is published to the jurors. Gravett's concern is simply without merit be-

cause, in this case, the jury will have no reason to know of the existence of Gravett's insurance policy, much less his coverage limits. Plaintiff would be entitled to a jury trial

over, as discussed above, joinder of these two defendants is proper under Maryland law. Finally, considerations of judicial economy and the desirability of reducing litigation militate against Gravett's position. There is simply no need to relitigate the issue of Gravett's negligence in a second suit against State Farm. *See Nationwide Mut. Ins. Co. v. Webb*, 291 Md. 721, 436 A.2d 465, 477 (1981) (legal economy mandates avoidance of multiplicity of lawsuits and resolution of disputes in one case if possible) (citations omitted). Therefore, the court does not find joinder inappropriate in this case.

### III. Conclusion

For the above reasons, the court **DENIES** defendant State Farm's motion to dismiss. The court also **DENIES** defendant Gravett's motion to sever. The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to counsel for all parties.

**IT IS SO ORDERED.**

to determine Gravett's negligence and the amount of her damages. Once liability and damages have been determined, the court will decide the legal issue of UIM coverage under the State Farm policy. *See, e.g., Goddard v. Protective Life Corp.*, 82 F.Supp.2d 545, 551 (E.D.Va.2000).

Furthermore, the mention of insurance coverage in a negligence suit is no longer reversible error in Virginia. *Lombard v. Rohrbaugh*, 262 Va. 484, 551 S.E.2d 349, 353–54 (2001). In that case, Lombard sued Rohrbaugh, an underinsured motorist, for injuries resulting from a car accident and also served Farm Bureau, his underinsured carrier, pursuant to § 38.2–2206; Farm Bureau filed its own separate response. *Id.* The trial court allowed presentation of existence of Rohrbaugh's insurance accompanied by a limiting instruction to the jury. On appeal, the court held that there are occasions on which evidence regarding insurance will not constitute reversible error, such as to show the relationship of parties, or bias of a witness. *Id; see also Medina v. Hegerberg*, 245 Va. 210, 427 S.E.2d 343, 345–46 (1993) ("[W]hen sufficient cautionary instructions are made by the court following a mention of insurance," such comments will not amount to reversible error.).