PRESENT: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, Goodwyn, JJ., and Lacy, S.J.

RONALD LEE JONES

v.   Record No. 090727                    OPINION BY
                                   JUSTICE BARBARA MILANO KEENAN
                                        January 15, 2010
COMMONWEALTH OF VIRGINIA


             FROM THE COURT OF APPEALS OF VIRGINIA

     In this appeal, we review a defendant's conviction for

unreasonably refusing to submit to a blood or breath test after

being arrested for driving under the influence of alcohol.  We

decide 1) whether a court may consider a defendant's refusal to

participate in "field sobriety tests"[1] as evidence in determining

whether the police had probable cause to arrest the defendant

for driving under the influence of alcohol; and 2) whether the

Court of Appeals erred in determining that the evidence was

sufficient to establish probable cause to arrest the defendant

on that charge.

     Ronald L. Jones was convicted in a jury trial in the

Circuit Court of Stafford County of unreasonably refusing to

submit to a breath or blood test, in violation of Code § 18.2-

268.2 (the refusal charge), after having been convicted within

---

     [1] As referenced in this opinion, the term "field sobriety tests" includes tests intended to assess a person's ability to perform basic acts at the direction of a police officer, including acts involving walking, standing, physical balance, and recitation of various information.

ten years of two prior offenses of driving while under the influence of alcohol.[2]  Jones was sentenced to serve 30 days in jail and was fined $2,500.

Jones appealed his conviction to the Court of Appeals and argued, in part, that the police did not have probable cause to arrest him for driving under the influence of alcohol, third offense, in violation of Code §§ 18.2-266 and -270, and Code § 18.2-10.[3]  Thus, Jones contended that his indictment for unreasonably refusing to submit to a blood or breath test should have been dismissed.

The Court of Appeals affirmed Jones' conviction on the refusal charge in a published opinion.  Jones v. Commonwealth, 51 Va. App. 730, 660 S.E.2d 343 (2008).  The Court held that the police had probable cause to arrest Jones based on his physical appearance, the odor of alcoholic beverages about his person, his argumentative demeanor, and his refusal to submit to any field sobriety tests.  Id. at 740-41, 660 S.E.2d at 348.  In reaching this conclusion, the Court further held that Jones' refusal to perform the field sobriety tests was circumstantial evidence of his "consciousness of guilt."  Id. at 738, 660

---

[2] Jones was also indicted for driving under the influence, but the record does not include the disposition for that charge.

[3] On appeal to the Court of Appeals, Jones also challenged whether police had reasonable suspicion to stop his vehicle, but that issue is not before us in this appeal.

S.E.2d at 346-47.  We awarded Jones an appeal from the Court of Appeals' judgment.

We will state the evidence in the light most favorable to the Commonwealth, the prevailing party in the circuit court. Dixon v. Commonwealth, 270 Va. 34, 37, 613 S.E.2d 398, 399 (2005); Murphy v. Commonwealth, 264 Va. 568, 570, 570 S.E.2d 836, 837 (2002); McCain v. Commonwealth, 261 Va. 483, 486, 545 S.E.2d 541, 543 (2001).  On the night of September 29, 2006, Sheriff's Deputy Peter Nelson and several Stafford County police officers were investigating a burglary of a home.  The officers thought that the thief had fled on foot or as a passenger in a vehicle.  In an effort to apprehend the thief, the officers placed about eight police vehicles, with activated emergency lights, as a "perimeter" barrier near the site of the burglary.

Nelson observed Jones drive slowly past the "perimeter" barrier twice.  Nelson, who was wearing his police uniform, testified that he "flagged down" Jones to ensure that the thief was not in the back of Jones' vehicle, which had tinted windows. When Nelson approached Jones' vehicle and began speaking with Jones, Nelson smelled a "strong odor" of alcoholic beverages coming from Jones' vehicle.

Nelson testified that when he asked Jones to step out of his vehicle, Jones complied.  Nelson stated that he smelled a strong odor of alcoholic beverages emanating from Jones' person.

3

Jones denied that he had been drinking alcoholic beverages that night, and stated that the odor about his person was attributable to cough drops and incense.

Nelson testified that Jones' eyes appeared "a little glassy" and "a little red," and that his speech was "a little bit" slurred. Nelson also stated that Jones' "articulation was very difficult," and that Jones made "irrational" and inconsistent statements. According to Nelson, Jones stated that he came to "help" Nelson, but that Nelson "was trying to hurt him." In addition, Jones was unable to tell Nelson the county in which Jones was stopped.

Nelson testified that he repeatedly asked Jones to participate in field sobriety tests and told Jones, "If you are not intoxicated, prove to me you're not intoxicated." Jones refused to participate in the tests, and repeatedly asked Nelson, "Why are you doing this to me?" After speaking with Jones for a total period of about 15 minutes, Nelson arrested Jones for driving under the influence of alcohol.

Nelson brought Jones before a magistrate, who informed Jones regarding the "implied consent" statute, Code § 18.2-268.2, which required that Jones submit to a blood or breath test as a result of having operated a motor vehicle on a public highway. Jones refused to take a test.

4

Before his trial on the refusal charge, Jones filed a motion to suppress arguing, in part, that Nelson lacked probable cause to arrest Jones for driving while intoxicated. The circuit court denied Jones' motion. After a jury trial, the circuit court entered final judgment on the refusal charge in accordance with the jury verdict. Jones appealed this conviction to the Court of Appeals.

On appeal before this Court, Jones argues that the Court of Appeals erred in holding that a court may consider a defendant's refusal to submit to field sobriety tests as evidence of that defendant's "consciousness of guilt." Jones contends that because there is no legal requirement that a driver submit to a field sobriety test, and because a driver may have many innocent reasons for refusing to submit to such tests, the driver's failure to do so is not evidence of a "consciousness of guilt."

Jones additionally argues that the police lacked probable cause to arrest him. Thus, according to Jones, because he was arrested without probable cause, he was not required to submit to a blood or breath test and should not have been charged under Code § 18.2-268.2 for refusal to take such a test.

In response, the Commonwealth contends that Jones' refusal to perform any field sobriety tests is but one factor supporting the circuit court's probable cause determination. In support of the circuit court's holding, the Commonwealth additionally

5

relies on Nelson's testimony regarding Jones' appearance, his speech, and the strong odor of alcoholic beverages about Jones' person.

Initially, we observe that our appellate review of the sufficiency of the evidence of probable cause includes an issue of first impression. We consider whether, and to what extent, a driver's refusal to submit to field sobriety tests may be considered by a court as a component factor in the arresting officer's probable cause determination. As part of this analysis, we also consider the Court of Appeals' holding that such refusal by a driver constitutes evidence of the driver's "consciousness of guilt."

In our jurisprudence, the term "consciousness of guilt" generally is applied to affirmative acts of falsehood or flight immediately following the commission of a crime, which tend to show a person's guilty knowledge of, and participation in, a criminal act. See, e.g., Turman v. Commonwealth, 276 Va. 558, 565, 667 S.E.2d 767, 770-71 (2008) (evidence of actual flight, but not mere departure from place where crime has been committed, may be considered with other evidence as tending to show defendant's consciousness of guilt); Emmett v. Commonwealth, 264 Va. 364, 372, 569 S.E.2d 39, 45 (2002) (defendant's inconsistent statements to police made after crime occurred concerning identity of murderer were relevant to show

6

defendant's consciousness of guilt); Edmondson v. Commonwealth, 248 Va. 388, 390, 448 S.E.2d 635, 637 (1994) (jury was properly instructed it could consider defendant's use of false name immediately after burglary occurred, in context of other evidence in case, as evidence of his consciousness of guilt); Jones v. Commonwealth, 208 Va. 370, 374, 157 S.E.2d 907, 910 (1967) (defendant's flight to avoid arrest was admissible to show consciousness of guilt in considering whether defendant committed burglary and attempted robbery); see also McMillan v. Commonwealth, 188 Va. 429, 432-33, 50 S.E.2d 428, 430 (1948) (evidence that defendant procured or attempted to procure absence of witness was admissible to show defendant's consciousness of guilt).

Such acts of flight from a crime scene, or of deceitful behavior immediately following the commission of a crime, are acts that generally cannot be explained in terms of innocent human behavior. Thus, when a defendant affirmatively acts in such a manner, a court may consider those acts in the context of all the facts presented as evidence tending to show the defendant's consciousness of guilt of the crime committed. See Turman, 276 Va. at 565, 667 S.E.2d at 770-71; Emmett, 264 Va. at 372, 569 S.E.2d at 45; Edmondson, 248 Va. at 390, 448 S.E.2d at 637; Jones, 208 Va. at 374, 157 S.E.2d at 910.

7

A refusal to submit to field sobriety tests, however, can often be explained in terms of innocent human behavior. Unlike instances of flight, the use of a false name, or other acts of deception, a driver refusing to submit to a field sobriety test has not undertaken affirmative action to deceive or to evade the police. Moreover, there are numerous innocent reasons why a person may refuse to engage in tests that are not required by law, including that a person may be tired, may lack physical dexterity, may have a limited ability to speak the English language, or simply may be reluctant to submit to subjective assessments by a police officer. Therefore, we conclude that a defendant's refusal to submit to field sobriety tests is not evidence of "consciousness of guilt," and that the Court of Appeals erred in applying this principle in reviewing the evidence of probable cause in the present case.[4]

---

[4] Relying on Artis v. Commonwealth, 213 Va. 220, 191 S.E.2d 190 (1972), the concurring opinion states that we held that a defendant's refusal to try on a coat that contained betting slips in its pocket was admissible as evidence that the defendant tacitly admitted he was guilty of operating a lottery. However, the holding in Artis does not state that the evidence could be used as evidence of the defendant's consciousness of guilt. Rather, we held that such evidence was a tacit admission that the defendant owned the coat. Id. at 224-25, 191 S.E.2d at 193-94. Thus, the holding in Artis does not affect our conclusion that a defendant's refusal to submit to field sobriety tests differs from a defendant's affirmative act such as flight from the scene or deceitful behavior, which can be used as evidence tending the show the defendant's consciousness of guilt of the crime committed.

Nevertheless, we recognize that a defendant's refusal to submit to field sobriety tests may have some relevance in a police officer's assessment of probable cause to arrest that defendant for driving under the influence of alcohol. When other facts show a driver's consumption of alcohol and the discernable effect of such consumption on the driver's mental or physical state, the driver's refusal to perform field sobriety tests is circumstantial evidence tending to show the driver's awareness that his consumption of alcohol would affect his ability to perform such tests. Accordingly, we hold that in determining whether a police officer had probable cause to arrest a defendant for driving under the influence of alcohol, a court may consider the driver's refusal to perform field sobriety tests when such refusal is accompanied by evidence of the driver's alcohol consumption and its discernable effect on the driver's mental or physical state.

We next consider whether the record before us supports the Court of Appeals' judgment that the police had probable cause to arrest Jones for driving under the influence of alcohol. We have stated that probable cause exists " 'when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed.' " Buhrman v.

9

Commonwealth, 275 Va. 501, 505, 659 S.E.2d 325, 327 (2008) (quoting Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981)); Robinson v. Commonwealth, 273 Va. 26, 40, 639 S.E.2d 217, 225 (2007); Parker v. Commonwealth, 255 Va. 96, 106, 496 S.E.2d 47, 53 (1998). In determining whether a police officer had probable cause to arrest a defendant, a trial court must consider the totality of the facts and circumstances presented and what those facts and circumstances reasonably meant to a trained police officer. Buhrman, 275 Va. at 505, 659 S.E.2d at 327; Brown v. Commonwealth, 270 Va. 414, 419, 620 S.E.2d 760, 762 (2005); Hollis v. Commonwealth, 216 Va. 874, 877, 223 S.E.2d 887, 889 (1976).

In the present case, as stated above, Deputy Nelson testified that there was a strong odor of alcoholic beverages about Jones' person, that his eyes appeared "a little glassy" and "a little red," and that his speech was "a little bit" slurred. Contrary to these observations, Jones attributed the odor about his person to cough drops and incense. Jones also made the illogical comment that he came to "help" Nelson, but that Nelson "was trying to hurt him." Additionally, Jones did not know that he was driving in Stafford County at the time Nelson stopped him.

In view of this evidence concerning Jones' physical state and remarks to Nelson, Jones' refusal to perform any field

10

sobriety tests was relevant evidence in the probable cause determination.  That other evidence concerning Jones' physical and mental state rendered his refusal to perform any field sobriety tests circumstantial evidence tending to show an awareness that his consumption of alcohol would affect his ability to perform those tests.

Based on this record, we conclude that the record supports the circuit court's determination that Nelson had probable cause to arrest Jones for driving under the influence of alcohol. Accordingly, we further conclude that the Court of Appeals did not err in confirming the circuit court's judgment.[5]

For these reasons, we will vacate that portion of the Court of Appeals' judgment holding that the refusal to submit to field sobriety tests is evidence of a defendant's consciousness of guilt.  We will affirm the balance of the Court of Appeals' judgment.

<u>Affirmed in part,
and vacated in part.</u>

JUSTICE LEMONS, with whom JUSTICE KINSER joins, concurring.

---

[5] We do not consider Jones' contention at oral argument in this appeal that admission of evidence of his refusal to perform field sobriety tests violated his rights under the Fifth Amendment.  Because Jones did not assign error in this Court on that basis, the issue is not properly before us.  <u>See</u> Rule 5:17(C).

I concur in the judgment reached by the majority to affirm the Court of Appeals; however, I do not agree that a portion of the Court of Appeals opinion should be vacated.

The majority opinion concludes "that a defendant's refusal to submit to field sobriety tests is not evidence of 'consciousness of guilt,' and that the Court of Appeals erred in applying this principle in reviewing the evidence of probable cause in the present case." The majority opinion also concludes that

> a defendant's refusal to submit to field sobriety tests may have some relevance in a police officer's assessment of probable cause to arrest that defendant for driving under the influence of alcohol. When other facts show a driver's consumption of alcohol and the discernable effect of such consumption on the driver's mental or physical state, the driver's refusal to perform field sobriety tests is circumstantial evidence tending to show the driver's awareness that his consumption of alcohol would affect his ability to perform such tests. Accordingly, we hold that in determining whether a police officer had probable cause to arrest a defendant for driving under the influence of alcohol, a court may consider the driver's refusal to perform field sobriety tests when such refusal is accompanied by evidence of the driver's alcohol consumption and its discernable effect on the driver's mental or physical state.

It is difficult to reconcile these two conclusions. If a court is permitted to consider a driver's refusal to perform field sobriety tests when such refusal is accompanied by some evidence of alcohol consumption, consideration of the refusal has to be

12

because it tends to show that the driver does not think he or she will successfully perform the test – a calculation that reflects consciousness of guilt for driving under the influence.

A determination of probable cause focuses on two questions: is there probable cause that an offense has been committed and is there probable cause that the suspect committed the offense. Michigan v. DeFillippo, 443 U.S. 31, 36 (1972). Here we have no issue regarding identity; we only have concern about whether an offense had been committed. If the fact of refusal to perform field sobriety tests accompanied by evidence of alcohol consumption is not evidence of consciousness of guilt for the purpose of determining whether there is probable cause to conclude that an offense has been committed, then it is irrelevant and should not be considered for any purpose. It seems inconsistent to me to permit consideration of refusal to perform field sobriety tests in conjunction with evidence of alcohol consumption for probable cause purposes and simultaneously declare that it is not evidence of consciousness of guilt. If, as the majority states, "the driver's refusal to perform field sobriety tests is circumstantial evidence tending to show the driver's awareness that his consumption of alcohol would affect his ability to perform such tests," it most likely is because the driver is concerned that his state of

13

intoxication may be in violation of the law.  This awareness is "consciousness of guilt."

The Court of Appeals' opinion is replete with citations to the law of other states that permit their courts to consider evidence of refusal to perform sobriety tests as indicative of consciousness of guilt.  I will not repeat them here. Additionally, the majority attempts to distinguish the myriad of cases in our jurisprudence that permit the inference of consciousness of guilt from such acts as flight or falsehoods, by asserting that these examples are all affirmative acts while refusal to perform sobriety tests is not.  I do not find the attempted distinction to have substance.  Furthermore, it is not necessary.  In Artis v. Commonwealth, 213 Va. 220, 191 S.E.2d 190 (1972), we considered an analogous question.  In Artis, the defendant was charged with operating a "numbers racket or game." Id. at 221, 191 S.E.2d at 191.  Upon execution of a search warrant upon premises where such gambling was suspected, police found the defendant and also found a coat on a chair near the defendant.  Id.  Of the five men visiting the premises when the police executed the search, only the defendant was not wearing a coat.  Id. at 221-22, 191 S.E.2d at 191.  Upon searching the coat pockets, police found evidence of betting slips.  Id. at 222, 191 S.E.2d at 192.  When police requested Artis to put on the coat, obviously to see if it fit, Artis refused.  Id. at

14

222, 191 S.E.2d at 191.  On appeal, Artis complained, among

other things, that it was error to admit evidence to the jury of

his refusal to put on the coat.  We stated

> Neither do we find any error in the action of the
> court in permitting the Commonwealth to show that
> defendant refused to try on the coat in which the
> incriminating evidence was found.  The general
> rule which governs tacit admissions applies here.
> It is properly stated in Owens v. Commonwealth,
> 186 Va. 689, 699, 43 S.E.2d 895, 899 (1947) where
> we said:
>
> > " ' . . . In order that the
> > silence of one accused of crime
> > following a statement of a fact tending
> > to incriminate him may have the effect
> > of a tacit admission, he must have
> > heard the statement and have understood
> > that he was being accused of complicity
> > in a crime, the circumstances under
> > which the statement was made must have
> > been such as would afford him an
> > opportunity to deny or object, and the
> > statement must have been such, and made
> > under such circumstances, as would
> > naturally call for a reply.  The test
> > is whether men similarly situated would
> > have felt themselves called upon to
> > deny the statements affecting them in
> > the event they did not intend to
> > express acquiescence by their failure
> > to do so. * * * ' " See also Baughan v.
> > Commonwealth, 206 Va. 28, 141 S.E.2d
> > 750 (1965).

Id. at 224-25, 191 S.E.2d at 193.

Of course there was nothing "affirmative" about Artis'

refusal.  Nonetheless, we permitted his refusal to put on the

coat to be considered as a tacit admission of guilt at trial.

Surely, if such a refusal could be used to prove consciousness

of guilt at trial as a tacit admission of guilt, the refusal in this case could be considered as consciousness of guilt for the purpose of determining probable cause.

While I agree that the opinion of the Court of Appeals should be affirmed, I cannot join the majority's determination to vacate a portion of the opinion.