COURT OF APPEALS OF VIRGINIA

Present: Judges Ortiz, Raphael and White

ALMON RICHARDSON

MEMORANDUM OPINION[*] BY
v.      Record No. 2218-23-1      JUDGE KIMBERLEY SLAYTON WHITE
FEBRUARY 25, 2025

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Robert G. MacDonald, Judge

(Michelle C. F. Derrico, Senior Appellate Attorney; Virginia
Indigent Defense Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Allison M. Mentch, Assistant
Attorney General, on brief), for appellee.


Almon Richardson appeals his conviction, following a jury trial, for possession of a

firearm by a nonviolent felon, in violation of Code § 18.2-308.2(A)(i). On appeal, Richardson

asserts that the trial court erred in giving a jury instruction on constructive possession.[1] After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

For the following reasons, we affirm the conviction.

_____

[*] This opinion is not designated for publication. See Code § 17.1-413(A).

[1] Richardson withdrew his second assignment of error.

BACKGROUND[2]

On August 3, 2022, members of the Chesapeake Police Department executed a search warrant at 4025 Sloop Trail. Richardson was one of the subjects of the search warrant and was known to live at 4025 Sloop Trail. When the police arrived, they found Richardson working on a vehicle in front of the home and detained him. Detective Joseph Milewczik approached Richardson shortly after officers cleared and secured the residence. Detective Milewczik, who had known Richardson since 2015, asked Richardson if there were any guns in the home.[3] Richardson admitted that there was a gun upstairs in his bedroom dresser. Richardson explained that the gun belonged to a neighbor who had brought it over to him after she had shot at her boyfriend. Detective Milewczik later recovered a loaded 40 caliber Smith & Wesson pistol in the top left drawer of a mirrored vanity in an upstairs bedroom. The Commonwealth introduced Richardson's prior felony convictions into evidence.

At the close of all the evidence, the parties discussed jury instructions with the trial court. Richardson objected to Commonwealth's Instruction 11, which provided:

> Possession and not ownership is the vital issue. Possession may be joint or several. Two or more persons may be in possession where each has the power of control and intends to exercise control jointly. In a joint constructive possession case, the focus is on the acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control.

---

[2] We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires that we "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

[3] The recorded exchange between Detective Milewczik and Richardson was played for the jury.

Richardson asked the trial court to reject Instruction 11 for three reasons. First, he argued that the instruction was redundant because the jury had already been instructed that possession could be joint in Instruction 10.[4] Second, noting that Instruction 11 quoted directly from the Supreme Court of Virginia's opinion in *Smallwood v. Commonwealth*, 278 Va. 625, 631-32 (2009), Richardson argued that using such language could confuse the jury because an appellate court's reasoning for deciding a particular case may not produce language suitable for a jury instruction in his own case. And third, he argued that including the word "vital" inappropriately called special attention to possession, placing undue emphasis on one element of the offense.

The Commonwealth responded that Instruction 11 was not duplicative of Instruction 10 but rather supplemented it. Instruction 10 did not "address whether or not ownership is relevant or . . . the same as possession." Thus, Instruction 11 addressed an issue that Instruction 10 failed to address, namely, that not owning the gun is not dispositive of possession.

---

[4] Instruction 10 provided:

> To knowingly and intentionally possess a firearm means that a person is aware of the presence and character of the firearm and has actual physical possession or constructive possession. Constructive possession means that the person has dominion or control over the firearm. Mere proximity is not enough.
>
> Possession need not be exclusive; it may be shared with another. The length of time of the possession is not material.
>
> Ownership or occupancy of the premises in which a firearm is found does not create a presumption that the owner or occupant either knowingly or intentionally possessed such firearm. Such ownership or occupancy is a fact which may be considered with other evidence.
>
> Possession may be proved by acts, declarations or conduct of the defendant from which it may be fairly inferred that he was aware of the presence and character of the firearm at the place found.

Additionally, the Commonwealth opposed striking the work "vital" from Instruction 11. It argued that the trial court should not reword language that came "directly from the Supreme Court of Virginia." It also noted that that there were two elements to the charged offense and that one of them—being a convicted felon—was not in dispute. Thus, possession was in fact the central issue. As an accurate statement of law, the Commonwealth urged the trial court to allow the instruction over Richardson's objection.

The trial court agreed with the Commonwealth and granted Instruction 11. It reasoned that Instruction 11 addressed the issue of gun ownership, while Instruction 10 did not. It also declined to strike the word "vital" because the word clarifies "what is at issue and what is not at issue" in the case. The court further opined that it "would be a disservice" to alter language that our "Supreme Court has, with great clarity, presented [to] us [as] a statement of the law."

The trial court convicted Richardson of the charged offense upon the jury's guilty verdict. Richardson appeals.

ANALYSIS

Richardson asserts that the trial court erred by giving Instruction 11. Richardson argues that Instruction 11 was duplicative, confused the jury, and inappropriately instructed the jury to focus on the issue of constructive possession.

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" *Fahringer v. Commonwealth*, 70 Va. App. 208, 211 (2019) (quoting *Darnell v. Commonwealth*, 6 Va. App. 485, 488 (1988)). "The trial court has 'broad discretion in giving or denying instructions requested,' and we review those decisions under an abuse of discretion standard." *Barney v. Commonwealth*, 69 Va. App. 604, 609 (2019) (quoting *Gaines v. Commonwealth*, 39 Va. App. 562, 568 (2003) (en banc)).

But we review de novo whether a granted instruction "accurately states the relevant law." *Watson v. Commonwealth*, 298 Va. 197, 207 (2019) (quoting *Payne v. Commonwealth*, 292 Va. 855, 869 (2016)). Even a legally accurate instruction is "proper only if supported by the evidence, and more than a scintilla of evidence is required." *Id.* (quoting *Payne*, 292 Va. at 869). And since the Commonwealth offered the challenged instruction, it had the burden of showing that the instruction was "a correct statement of the law, applicable to the facts of the case on trial, and expressed in appropriate language." *Miller v. Commonwealth*, 64 Va. App. 527, 547 (2015) (quoting *Shaikh v. Johnson*, 276 Va. 537, 546 (2008)).

Richardson was convicted under Code § 18.2-308.2(A)(i), which prohibits "any person who has been convicted of a felony" from "knowingly and intentionally possess[ing] or transport[ing] any firearm."

Possession of contraband can be proven "by showing either actual or constructive possession." *Birdsong v. Commonwealth*, 37 Va. App. 603, 607 (2002) (quoting *Barlow v. Commonwealth*, 26 Va. App. 421, 429 (1998)). To establish constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct . . . tend[ing] to show that the defendant was aware of both the presence and character of the [contraband] and that it was subject to his dominion and control." *Terlecki v. Commonwealth*, 65 Va. App. 13, 24 (2015) (third alteration in original) (quoting *Drew v. Commonwealth*, 230 Va. 471, 473 (1986)).

"[T]he issue of constructive possession 'is largely a factual one and must be established by evidence of the acts, declarations and conduct of the accused.'" *Smallwood*, 278 Va. at 631 (quoting *Ritter v. Commonwealth*, 210 Va. 732, 743 (1970)). Occupying the premises on which contraband is found "may be considered together with other evidence tending to prove that the . . . occupant exercised dominion and control over items" found there. *Redmond v. Commonwealth*, 57 Va. App. 254, 264-65 (2010) (quoting *Burchette v. Commonwealth*, 15 Va. App. 432, 435 (1992));

*see Byers v. Commonwealth*, 37 Va. App. 174, 180 (2001) (affirming a conviction under Code § 18.2-308.2 where the defendant had "knowledge of the firearm and its location and . . . had easy access to it"). Additionally, as Instruction 11 correctly noted, constructive possession can be "joint" if "[t]wo or more persons . . . each has the power of control and intends to exercise control jointly." *Smallwood*, 278 Va. at 631 (quoting *Burnette v. Commonwealth*, 194 Va. 785, 792 (1953)). For example, a defendant was found to constructively possess a package of drugs placed by the postal service "in [a] mailbox *under the joint use and control* of [the] defendant and his family." *Id.* at 630 (emphasis added) (quoting *Ritter*, 210 Va. at 742).

Based on the foregoing, Instruction 11 accurately stated the relevant law concerning constructive and joint possession. It stated that possession is distinct from ownership and may be joint if multiple persons have the power and intent to control the item. It also stated that the focus for finding joint constructive possession is on acts, statements, or conduct showing that a defendant knew of the presence and character of a firearm that was subject to his dominion and control. Thus, the instruction was accurate.

And the accurate instruction was proper because it was supported by sufficient evidence. The police arrested Richardson outside his home while officers executed a search warrant of his residence. While detained, Richardson admitted that there was a firearm in the top drawer of his bedroom dresser. Richardson denied that the firearm was his, asserted that it belonged to his neighbor, yet admitted that she had handed it over to him. In Richardson's bedroom, officers discovered a firearm in the top drawer of a dresser. These facts tend to show that Richardson knew the gun to be present in a bedroom that he occupied. And even if the firearm belonged to another, Richardson could have constructively possessed it jointly with the neighbor if both had the power and intent to control the firearm. The facts were thus sufficient to support Instruction 11 concerning joint and constructive possession.

Instruction 11 was legally accurate and supported by evidence. The trial court did not abuse its discretion in finding that the instruction was not duplicative or confusing to the jury.

"When a trial judge instructs the jury in the law, he or she may not 'single out for emphasis a part of the evidence tending to establish a particular fact.'" *Terry v. Commonwealth*, 5 Va. App. 167, 170 (1987) (quoting *Woods v. Commonwealth*, 171 Va. 543, 548 (1938)). "The danger of such emphasis is that it gives undue prominence by the trial judge to the highlighted evidence and may mislead the jury." *Id.* (citation omitted). "On the other hand, instructions should relate to the specific evidence of the case; abstract propositions of law do little to help and much to mystify a jury." *Id.* (citing *Gordon v. Dir. Gen. of Railroads*, 128 Va. 426, 433 (1920)).

"An instruction that refers to specific evidence does not automatically amount to an improper emphasis, as long as the instruction does not suggest that the specific evidence compels a particular finding." *Nottingham v. Commonwealth*, 73 Va. App. 221, 230 (2021) (citing *Edmondson v. Commonwealth*, 248 Va. 388, 389-91 (1994)). In *Edmondson*, the Supreme Court "approv[ed] a jury instruction that [the] use of a false name after the commission of a crime could be considered as evidence of guilt and reject[ed] a defendant's argument that such instruction 'improperly highlighted this single piece of evidence.'" *Id.* (quoting *Edmondson*, 248 Va. at 390).

Here, the first three sentences of the contested jury instruction were taken verbatim from the Supreme Court's decision in *Smallwood*. *See Smallwood*, 278 Va. at 631-32 (quoting *Burnette*, 194 Va. at 792). Although the final sentence directed the jury to consider Richardson's acts, statements, and conduct, it did not suggest that specific evidence compelled a particular finding. Rather, Instruction 11 simply advised the jury on the law—ownership of the firearm is not dispositive of constructive possession. It did not "characterize" any evidence nor "suggest the credibility or weight which should be given" to the evidence presented. *See Terry*, 5 Va. App. at 171. Thus, it left the jury "free to draw all reasonable and permissible inferences from the evidence without any

suggestion in the jury instruction[] as to the conclusion." *Id.* Consequently, we find no abuse of discretion in the trial court's decision to grant Instruction 11.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*