Present: All the Justices

FRANCES GRACE BUHRMAN
                                            OPINION BY
v.  Record No. 070954          JUSTICE LAWRENCE L. KOONTZ, JR.
                                          April 18, 2008
COMMONWEALTH OF VIRGINIA


FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we determine whether a police officer had

probable cause to arrest an individual for possession of

marijuana after observing hand-rolled cigarettes in the

individual's vehicle.

BACKGROUND

On June 8, 2005, Officer C. M. Nelson of the Henrico County

Police Department entered a convenience store located in a

"high-drug" area of Henrico County.  While in the store, Officer

Nelson noticed Frances Grace Buhrman (Buhrman), a customer in

the store, having some difficulty maintaining her balance while

walking and appearing to fall asleep while operating a frozen

drink machine.  When Buhrman left the store and began walking

toward her car, Officer Nelson became concerned that Buhrman

might drive while intoxicated.  She then approached Buhrman and

asked for her identification.

Buhrman immediately complied with Officer Nelson's request,

opening the car door in order to retrieve her identification.

At this time, Officer Nelson noticed hand-rolled cigarettes in

1

the interior door handle.  Based upon her training and experience, a "faint odor," and the "coloration" of the cigarettes, Officer Nelson believed these cigarettes to be marijuana cigarettes, and immediately arrested Buhrman for possession of marijuana.

A search incident to the arrest yielded cocaine, heroin, and marijuana in both Buhrman's car and purse.  Thereafter, Buhrman was indicted by a Henrico County grand jury for possession of cocaine, possession of heroin, and possession of marijuana, second offense.  Buhrman filed a motion to suppress the physical evidence, which was denied by the trial court.  In a bench trial, Buhrman subsequently entered a conditional guilty plea on all three offenses and was sentenced to a period of twenty years and twelve months incarceration, with all but six months suspended.

Buhrman appealed her convictions to the Court of Appeals of Virginia, asserting that the trial court erred in denying her motion to suppress the physical evidence because her arrest was not based upon probable cause.  One judge of the Court of Appeals denied Buhrman's petition for appeal in a per curiam order dated February 21, 2007.  Buhrman v. Commonwealth, Record No. 2105-06-2 (Feb. 21, 2007).  Buhrman's petition for appeal was again denied by a three-judge panel of the Court of Appeals.

<u>Buhrman v. Commonwealth</u>, Record No. 2105-06-2 (April 26, 2007).
We subsequently awarded Buhrman this appeal.

DISCUSSION

On appeal, Buhrman contends that Officer Nelson lacked the requisite probable cause under the Fourth Amendment to the United States Constitution to make an arrest and, thus, that evidence of the cocaine, heroin, and marijuana seized by Officer Nelson should have been suppressed as the fruit of an unconstitutional search.  See <u>Wong Sun v. United States</u>, 371 U.S. 471, 485 (1963).  This Court gives deference to the historical facts determined by the trial court, but we apply a de novo standard of review when considering whether the legal standard of probable cause was correctly applied by the trial court to the historical facts.  <u>Brown v. Commonwealth</u>, 270 Va. 414, 419, 620 S.E.2d 760, 762 (2005); <u>Ornelas v. United States</u>, 517 U.S. 690, 699 (1996).

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  What the Fourth Amendment prohibits "is not all searches and seizures, but <u>unreasonable</u> searches and seizures."

3

Terry v. Ohio, 392 U.S. 1, 9 (1968) (quoting Elkins v. United States, 364 U.S. 206, 222 (1960)) (emphasis added).

A search is considered reasonable when it is either supported by a warrant, or when an exception to the warrant requirement has been met. "One of the most frequently utilized exceptions to the warrant requirement is the search incident to an arrest." 1 Joseph G. Cook, Constitutional Rights of the Accused § 3:22, at 494 (2d ed. 1985 & Supp. 1995). See also Chimel v. California, 395 U.S. 752 (1969). Pertinent to the present case, under this exception an officer who makes an arrest supported by probable cause may search the entire passenger compartment of an arrestee's nearby automobile. Thornton v. United States, 541 U.S. 615, 623 (2004).

In the present case, Buhrman does not challenge the scope of the search conducted by Officer Nelson. The sole issue raised is whether Officer Nelson had probable cause to arrest Buhrman and, thus, perform the search incident to arrest. We turn now to determine that issue.

In Taylor v. Commonwealth, 222 Va. 816, 284 S.E.2d 833 (1981), we held that "probable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed." Id. at 820, 284 S.E.2d

at 836 (citations omitted).  Therefore, in determining whether an officer had sufficient probable cause to make an arrest, courts should focus upon "what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control."  Hollis v. Commonwealth, 216 Va. 874, 877, 223 S.E.2d 887, 889 (1976).

In Brown, we considered whether an officer had probable cause to make an arrest in circumstances factually similar to those presented in this case.  In that case, a police officer patrolling a high-crime area observed the defendant asleep in the passenger seat of a vehicle while holding a partially-burned, hand-rolled cigarette.  Id. at 417, 620 S.E.2d at 761.  Based solely upon this observation, the officer woke the defendant, asked him to step out of the vehicle, and arrested him.  Id.  A subsequent search of the defendant's person produced evidence containing traces of cocaine and heroin.  Id.  The defendant was ultimately charged with, and convicted of possession of both substances.  Id.

This Court reversed Brown's convictions, holding that the officer did not have probable cause to arrest and search the defendant.  Id. at 422, 620 S.E.2d at 764.  In doing so, we observed that probable cause cannot be established "solely on the observation of material which can be used for legitimate purposes, even though the experience of an officer indicates

5

that such material is often used for illegitimate purposes." Id. at 420-21, 620 S.E.2d at 763. Rather, "such observations must be combined with some other circumstance indicating [the suspected] criminal activity." Id. at 421, 620 S.E.2d at 763.

We find no meaningful distinction between the circumstances presented by this case and those at issue in Brown. Officer Nelson conceded that her observation of the hand-rolled cigarettes was the basis for her belief that she had probable cause to arrest Buhrman for possession of marijuana. To distinguish Brown, the Commonwealth notes that Officer Nelson also observed Buhrman acting "intoxicated" and "suspicious." Evidence of intoxication and vaguely "suspicious" actions, without more, does not suffice to indicate that hand-rolled cigarette materials are being used for the illegitimate purpose of smoking marijuana, as opposed to the legitimate purpose of smoking tobacco. Furthermore, behaving in an intoxicated and suspicious manner is not so overwhelmingly correlated with the use of marijuana so as to exclude the reasonable inference that such behaviors are the result of the use of a legal substance such as alcohol.

Furthermore, no other circumstances corroborated the officer's belief that the hand-rolled cigarettes were being used for an illegitimate purpose. Officer Nelson did not testify that Buhrman tried to hide the hand-rolled cigarettes, acted

6

elusively, or appeared nervous – all of which could support a reasonable belief of criminal activity. Cf. Brown, 270 Va. at 419, 620 S.E.2d at 762 (finding that the "dispersal" at the sight of police "could indicate criminal activity under some circumstances"); Hollis, 216 Va. at 877, 223 S.E.2d at 889 (finding probable cause where the defendant took furtive actions to hide hand-rolled cigarettes from the police); United States v. Mendenhall, 446 U.S. 544, 563-64 (1980) (indicating that nervous behavior in the presence of law enforcement officers may be a factor in determining probable cause). Likewise, the Commonwealth's reliance upon Officer Nelson detecting an unidentified "faint odor" is similarly insufficient to create probable cause to arrest an individual for possession of marijuana in this case. The officer did not testify that the odor which she smelled was indicative of marijuana and never identified the source of the odor. Additionally, Officer Nelson did not testify to any distinction she may have drawn between the "coloration" of the hand-rolled cigarettes here and what she would have expected to observe in cigarettes that contain tobacco.

As the Supreme Court remarked in Terry v. Ohio, "[n]o right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or

interference of others, unless by clear and unquestionable authority of law." 392 U.S. at 9 (citing Union Pac. R. Co. v. Botsford, 141 U.S. 250, 251 (1891)). Yet, "[b]ecause the strongest advocates of Fourth Amendment rights are frequently criminals, it is easy to forget that our interpretations of such rights apply to the innocent and the guilty alike." United States v. Sokolow, 490 U.S. 1, 11 (1989) (Marshall, J., dissenting). Though we understand the daily challenges faced by members of the law enforcement community, courts must remain vigilant to "not allow our zeal for effective law enforcement to blind us to the peril to our free society that lies in [our] disregard of the protections afforded by the Fourth Amendment." Florida v. Royer, 460 U.S. 491, 513 (1983) (Brennan, J. concurring).

## CONCLUSION

We hold that Officer Nelson lacked probable cause, under the totality of the circumstances, to arrest Buhrman for possession of marijuana. Thus, the trial court erred in denying Buhrman's motion to suppress the evidence obtained as a result of the search incident to that arrest. Because the evidence seized from Buhrman should have been suppressed, there would be insufficient evidence to sustain Buhrman's convictions for possession of cocaine, heroin, and marijuana in any retrial. Accordingly, we will reverse the judgment of the Court of

Appeals, vacate Buhrman's convictions, and dismiss the indictments against her.

Reversed, vacated, and dismissed.

JUSTICE LEMONS, with whom JUSTICE KINSER and JUSTICE GOODWYN join, dissenting.

The majority states "[w]e find no meaningful distinction between the circumstances presented by this case and those at issue in Brown." I do find meaningful distinctions and respectfully dissent.

Officer Nelson observed Buhrman in a convenience store and reasonably believed that she was intoxicated. Buhrman was having difficulty maintaining her balance and appeared to fall asleep while operating a drink machine in the store. Officer Nelson was concerned that Buhrman might drive from the store in an intoxicated state and approached her in the parking lot and asked for identification. When Buhrman opened her car door to get her identification, Officer Nelson saw hand-rolled cigarettes on the interior of the "door handle." Based upon her training and experience, the "coloration" of the cigarettes, the hand-rolled nature of the cigarettes, the lack of any smell of alcoholic beverages, the "faint odor" detected upon proximity to the cigarettes, and Buhrman's appearance of intoxication, Officer Nelson reasonably concluded that the hand-rolled cigarettes contained marijuana.

9

In this case, it is important to remember that we are not dealing with certainties or even a standard requiring proof "beyond a reasonable doubt," rather, we must consider probabilities.

> The legal standard of probable cause, as the term suggests, relates to probabilities that are based upon the factual and practical considerations in everyday life as perceived by reasonable and prudent persons.  The presence or absence of probable cause is not to be examined from the perspective of a legal technician.  Rather, probable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed.  Draper v. United States, 358 U.S. 307, 313 (1959); Schaum v. Commonwealth, 215 Va. 498, 500, 211 S.E.2d 73, 75 (1975).  In order to ascertain whether probable cause exists, courts will focus upon "what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control."  Hollis v. Commonwealth, 216 Va. 874, 877, 223 S.E.2d 887, 889 (1976).

Taylor v. Commonwealth, 222 Va. 816, 820-21, 284 S.E.2d 833, 836 (1981).

The error of the majority is vividly illustrated by the language used.  The majority states, "behaving in an intoxicated and suspicious manner is not so overwhelmingly correlated with the use of marijuana so as to exclude the reasonable inference that such behaviors are the result of the use of a legal substance such as alcohol."

10

On appellate review, we are to consider the totality of the circumstances and <u>not</u> substitute our judgment for that of a trained police officer.  Here, the officer observed behavior reasonably associated with intoxication, the absence of alcohol and the presence of hand-rolled cigarettes with peculiar color and odor.

The majority employs language that reveals its use of an incorrect standard.  Requiring the Commonwealth to "exclude the reasonable inference" invokes language we use to measure the sufficiency of the evidence for the determination of guilt or innocence beyond a reasonable doubt.  <u>See</u> <u>Commonwealth v. Hudson</u>, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  But the standard here is probable cause.

This case has far more evidence to support Officer Nelson's determination of probable cause to arrest Buhrman than was present in <u>Brown</u>. I would affirm the Order of the Court of Appeals affirming the judgment of the trial court.