COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Kelsey and Powell
Argued at Chesapeake, Virginia


KEVIN MARSHALL DAVIS
                                                    MEMORANDUM OPINION* BY
v.        Record No. 1494-09-1                      JUDGE CLEO E. POWELL
                                                         JULY 20, 2010
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                                   Karen J. Burrell, Judge

               Robert H. Knight, III, Assistant Public Defender (J. Barry
               McCracken, Assistant Public Defender; Office of the Public
               Defender, on brief), for appellant.

               John W. Blanton, Assistant Attorney General (Kenneth T.
               Cuccinelli, II, Attorney General, on brief), for appellee.


        Kevin Marshall Davis ("Davis") was convicted of possession of cocaine, in violation of

Code § 18.2-250. On appeal, Davis contends that Officer Herbst lacked reasonable, articulable

suspicion to justify an investigatory detention of him because the information provided by the

dispatcher was "so nonspecific as to provide no reliable basis to take any actions based on the

officer's own observations" and the victim provided no "specific information . . . on which to

form a reasonable basis to assume criminal activity on the part of" Davis. He also asserts that

Officer Herbst violated the Fourth Amendment by continuing into his residence to effectuate a

Terry stop when Officer Herbst stuck his hand into the closing front door without an exigent

circumstance to justify such action. Davis further contends that the stop exceeded the scope of a

Terry stop when he was handcuffed and placed in the police cruiser. Finally, Davis argues that

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

under <u>Dixon v. Commonwealth</u>, 270 Va. 34, 613 S.E.2d 398 (2005), Officer Herbst was required to inform Davis of his <u>Miranda</u> rights and because Officer Herbst questioned Davis without advising Davis of these rights, the statements Davis made should be suppressed. For the reasons that follow, we disagree with Davis's arguments and affirm his conviction.

## I. BACKGROUND

On July 18, 2008, Officer Thomas John Herbst of the Norfolk Police Department was dispatched to an apartment building on Orchid Street[1] based on a report of an assault in progress. When he arrived, Officer Herbst saw a female jumping up and down. The woman was screaming and pointing in the direction of a man, who was later identified as Davis, walking away. She told Officer Herbst that the man hit her. The woman was disheveled and had an abrasion on her right forearm.

Officer Herbst, who was approximately fifteen feet away from Davis at the time, yelled, "stop police." Although Officer Herbst made repeated requests for Davis to stop, Davis continued walking. As Davis stepped inside an apartment building and the door began to close, Officer Herbst stopped the door with his hand. The officer asked Davis to step outside, which he did, and to sit down, which he refused to do.

When Davis stepped outside, Officer Herbst noticed that Davis "had a strong smell of alcoholic beverage on him and a white powder substance on the top of his nose and on his lip and even inside his nose." Based upon his training and experience, Officer Herbst believed this substance was powder cocaine. Officer Herbst told Davis that he was going to detain him for further investigation and placed him in handcuffs in the police vehicle. Davis told the officer "he got his drink going and ran some dope."

---

[1] Officer Herbst also identified this location as Orchid Avenue.

In advance of trial, Davis filed a written motion to suppress alleging

> that no probable cause or reasonable suspicion existed to seize
> him, search his person and arrest him. Such seizure and arrest
> being in violation of the Fourth Amendment as aforestated [sic].
> The Defendant further represents that any statements attributed to
> him were involuntary, that he was not advised of his Constitutional
> rights prior to his custodial interrogation in violation of the Fifth
> and Sixth Amendments, as aforestated [sic] and that all matters
> seized pursuant to the seizure and detention, are "fruits of the
> poisonous tree" and therefore must be suppressed.

At the hearing on the motion to suppress,[2] Davis made no argument in support of dismissing

and, in response to questioning from the trial court, stated that the only issue was the validity of

the arrest and agreed with the court that "[i]f the arrest was valid, everything comes in." The

trial court denied Davis's motion. Following a bench trial, the trial court convicted Davis of

possession of cocaine.

## II. ANALYSIS

### A. Whether the Officer Violated the Fourth Amendment

On appeal, Davis contends that Officer Herbst violated his Fourth Amendment rights

because Officer Herbst lacked reasonable, articulable suspicion to believe that Davis assaulted

the woman. Davis also argues that Officer Herbst's actions violated the Fourth Amendment

because Officer Herbst exceeded the scope of a Terry stop when he entered Davis's residence

and when he placed Davis in handcuffs in the back of the police car.

"In reviewing a trial court's denial of a motion to suppress, '[t]he burden is upon [the

defendant] to show that th[e] ruling, when the evidence is considered most favorably to the

Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193,

197, 487 S.E.2d 259, 261 (1997) (*en banc*) (quoting Fore v. Commonwealth, 220 Va. 1007,

1010, 265 S.E.2d 729, 731 (1980)). While we are bound to review *de novo* the ultimate

---

[2] The motion to suppress hearing was held before Judge Charles E. Poston.

questions of reasonable suspicion and probable cause, we "review findings of historical fact only for clear error[3] and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. United States, 517 U.S. 690, 699 (1996) (footnote added).

"In order for a seizure to occur, an individual must be under some physical restraint by an officer or have submitted to the show of police authority." Thomas v. Commonwealth, 24 Va. App. 49, 54, 480 S.E.2d 135, 137 (1997) (*en banc*). Here, Officer Herbst repeatedly asked Davis to stop, but Davis disregarded the officer's commands. Officer Herbst did not touch Davis. Thus, Davis was not seized until he submitted to Officer Herbst's authority by stepping out of his apartment building when Officer Herbst ordered that he do so.

At the time that Davis submitted to Officer Herbst's show of authority, Officer Herbst had probable cause to arrest Davis.

> [P]robable cause exists "'when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed.'" Buhrman v. Commonwealth, 275 Va. 501, 505, 659 S.E.2d 325, 327 (2008) (quoting Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981)); Robinson v. Commonwealth, 273 Va. 26, 40, 639 S.E.2d 217, 225 (2007); Parker v. Commonwealth, 255 Va. 96, 106, 496 S.E.2d 47, 53 (1998). In determining whether a police officer had probable cause to arrest a defendant, a trial court must consider the totality of the facts and circumstances presented and what those facts and circumstances reasonably meant to a trained police officer. Buhrman, 275 Va. at 505, 659 S.E.2d at 327; Brown v. Commonwealth, 270 Va. 414, 419, 620 S.E.2d 760, 762 (2005); Hollis v. Commonwealth, 216 Va. 874, 877, 223 S.E.2d 887, 889 (1976).

Jones v. Commonwealth, 279 Va. 52, 59, 688 S.E.2d 269, 273 (2010).

---

[3] "In Virginia, questions of fact are binding on appeal unless 'plainly wrong.'" McGee, 25 Va. App. at 198 n.1, 487 S.E.2d at 261 n.1 (citations omitted).

Contrary to Davis's allegation that nothing supported the assertion that Davis assaulted the woman, the evidence, viewed in the light most favorable to the Commonwealth, proved that Officer Herbst responded to a report of an assault in progress, and when he arrived, he encountered a woman who was jumping up and down, screaming, and pointing in the direction of Davis. She told Officer Herbst that the man had hit her. The woman was disheveled and had an abrasion on her right forearm. Officer Herbst attempted to detain Davis to investigate whether he was the man who assaulted the woman, but he refused to stop. As Davis stepped inside the main door to his apartment building and the door began to close, Officer Herbst stopped the door with his hand.[4] He asked Davis to step outside, which he did. At that time, Officer Herbst noticed that Davis "had a strong smell of alcoholic beverage on him and a white powder substance on the top of his nose and on his lip and even inside his nose." Officer Herbst observed that Davis was "out of breath and disheveled." Based on his observations and the woman's statement that Davis hit her, Officer Herbst had probable cause to arrest Davis for assault. Moreover, upon seeing white powder on Davis's face and in his nose, Officer Herbst, based upon his training and experience, had probable cause to arrest Davis for possession of powder cocaine. Therefore, Officer Herbst's actions in handcuffing Davis and placing him in the police car did not violate the Fourth Amendment, and the trial court did not err in denying Davis's motion to suppress.

---

[4] Davis contends that Officer Herbst exceeded the scope of a Terry stop by entering his apartment. "[A] suspect may not defeat an arrest which has been set in motion in a public place . . . by the expedient of escaping to a private place." United States v. Santana, 427 U.S. 38, 43 (1976); see Washington v. Commonwealth, 29 Va. App. 5, 15, 509 S.E.2d 512 (1999). As Officer Herbst had probable cause to arrest Davis and not merely a reasonable, articulable suspicion to detain Davis for questioning, Davis's argument is without merit.

## B.  Whether Davis's Statements Should Be Suppressed Because He Was Not Read His Miranda Rights Prior to Being Interrogated

Rule 5A:18 mandates that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ."[5]  "In order to preserve an issue for appeal, 'an objection must be timely made and the grounds stated with specificity.'"  McDuffie v. Commonwealth, 49 Va. App. 170, 177, 638 S.E.2d 139, 142 (2006) (quoting Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986)).  "To satisfy the rule, 'an objection must be made . . . at a point in the proceeding when the trial court is in a position, not only to consider the asserted error, but also to rectify the effect of the asserted error.'"  Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010) (quoting Johnson v. Raviotta, 264 Va. 27, 33, 563 S.E.2d 727, 731 (2002)).  Rule 5A:18 exists "'to protect the trial court from appeals based upon undisclosed grounds, to prevent the setting of traps on appeal, to enable the trial judge to rule intelligently, and to avoid unnecessary reversals and mistrials.'"  Reid v. Boyle, 259 Va. 356, 372, 527 S.E.2d 137, 146 (2000) (quoting Fisher v. Commonwealth, 236 Va. 403, 414, 374 S.E.2d 46, 52 (1988)).  The Supreme Court of Virginia has consistently focused on whether the trial court had the opportunity to rule intelligently on the issues.  Scialdone, 279 Va. at 437, 689 S.E.2d at 724.

> "If [the] opportunity [to address an issue] is not presented to the trial court, there is no ruling by the trial court on the issue, and thus no basis for review or action by this Court on appeal."  Riverside Hosp., Inc. v. Johnson, 272 Va. 518, 526, 636 S.E.2d 416, 420 (2006).  An appellate court can only "determine whether

---

[5] Effective July 1, 2010, Rule 5A:18 was revised to state that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ."  Because the proceedings below were completed prior to this revision taking effect, we will rely on the language of Rule 5A:18 that was then in effect.  See Fails v. Virginia State Bar, 265 Va. 3, 5 n.1, 574 S.E.2d 530, 531 n.1 (2003) (applying the Rule of Court in effect at the time of the proceedings below).

> or not the rulings and judgment of the court below . . . were
> correct." Jackson, 179 Va. at 651, 20 S.E.2d at 493.

Id.

Here, the trial court asked Davis a number of questions at the outset of the motion to suppress to try to clarify what Davis meant in the vague motion to suppress that he filed. Specifically, the trial court asked Davis if his argument was solely that "[i]f the arrest was valid, everything comes in?" Davis agreed that it was. In so doing, Davis deprived the trial court of the opportunity to rule intelligently on whether a Miranda violation occurred. See Scialdone, 279 Va. at 437, 689 S.E.2d at 724. As this issue is not properly preserved, we decline to consider it.

### III. CONCLUSION

For the foregoing reasons, we affirm the trial court's denial of Davis's motion to suppress because, based on the totality of the facts and circumstances when viewed in the light most favorable to the Commonwealth, Officer Herbst had probable cause to arrest Davis. We conclude that Davis failed to preserve his argument that his rights under the Fifth Amendment were violated, and therefore, we decline to consider the issue.

Affirmed.