COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Fulton, Causey and Bernhard
Argued at Norfolk, Virginia


WAYNE CHRISTOPHER MINNS, SOMETIMES KNOWN AS
 CHRISTOPHER WAYNE MINNS
                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 2071-23-1                  JUDGE DORIS HENDERSON CAUSEY
                                                         JULY 15, 2025
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
                         COUNTY OF JAMES CITY
                          Holly B. Smith, Judge


          Charles E. Haden for appellant.

          Andrew T. Hull, Assistant Attorney General (Jason S. Miyares,
          Attorney General, on brief), for appellee.


        Wayne Christopher Minns entered a conditional guilty plea to possession of a controlled

substance, possession of a firearm and a controlled substance, and driving under the influence.  The

plea agreement preserved Minns's right to appeal the circuit court's order denying his motion to

suppress.  On December 1, 2023, the circuit court entered its final sentencing order, sentencing

Minns to 15 years imprisonment, with 9 years suspended, as well as 12 months in jail and a $500

fine.  On appeal, Minns argues that the circuit court erred in denying his motion to suppress

evidence as the result of a traffic stop because the officer did not observe any traffic violations

before the stop.  Finding no reversible error, we affirm the judgment of the circuit court.

                                    BACKGROUND

        On March 11, 2022, Williamsburg Police Officer Steve Roberts, Jr., heard a radio call

reporting that officers had attempted to stop a green Acura sedan.  No description of the driver was

---

[*] This opinion is not designated for publication.  See Code § 17.1-413(A).

given. The vehicle was registered to Yolanda Pickett, a woman unknown to Officer Roberts, who had a suspended license. Roberts saw an Acura parked at a 7-Eleven, ran its license plate number, and confirmed it was registered to Pickett. Roberts saw an individual get out of the car through the front passenger door, go into the store, and return. It was dark and rainy at the time, so Roberts could neither identify the individual nor determine how many people were in the car.

Officer Roberts followed the vehicle after it left the store to attempt to identify the driver. Roberts activated his lights and siren, but the car drove past two parking lots before finally pulling into a hotel parking lot. Roberts saw a person, later identified as Minns, move from the driver's seat and "rapidly" exit from the front passenger door. Roberts was concerned that Minns might flee, both because of the unusual way he left the car and the way he positioned himself as he stood. As Roberts approached Minns, he observed that Minns had bloodshot eyes and noticed an odor of alcohol.

Minns disregarded several commands to return to the car and gave various names when asked to identify himself. Roberts observed additional signs of intoxication. Minns failed to pass any of the administered field sobriety tests. Roberts arrested Minns for driving under the influence. During Roberts's search of Minns, Roberts found cocaine, methamphetamine, and a firearm.

At the suppression hearing, Minns argued that any reasonable officer should have known that he was a man upon observing him exit the Acura and enter the convenience store, making it unreasonable to believe he was the car's registered owner, Yolanda Pickett. Thus, Roberts lacked reasonable suspicion to believe that Pickett was driving the car. Therefore, the asserted lack of reasonable suspicion invalidated the stop, arrest, and search of Minns. The circuit court rejected these arguments, holding that Roberts had a reasonable suspicion for the stop, search, and seizure incident to Minns's arrest. The court also held that Roberts lacked sufficient information about the

- 2 -

driver at the convenience store to nullify the "common sense inference" that the driver of the car was the owner.

On appeal, Minns argues that the circuit court erred by denying his motion to suppress where Officer Roberts did not possess the requisite articulable suspicion under the Fourth Amendment to justify the traffic stop and seizure of Minns. We disagree.

ANALYSIS

"In reviewing the denial of a motion to suppress, we consider the facts in the light most favorable to the Commonwealth, the prevailing party at trial." *Aponte v. Commonwealth*, 68 Va. App. 146, 156 (2017) (quoting *Hairston v. Commonwealth*, 67 Va. App. 552, 560 (2017)). "It is the appellant's burden to show that when viewing the evidence in such a manner, the trial court committed reversible error." *Id.* (quoting *Hairston*, 67 Va. App. at 560). In conducting our review, we are "bound by the trial court's factual findings unless those findings are plainly wrong or unsupported by the evidence"; however, we review "the trial court's application of the law de novo." *Malbrough v. Commonwealth*, 275 Va. 163, 168-69 (2008). "While we are bound to review *de novo* the ultimate questions of reasonable suspicion and probable cause, we 'review findings of historical fact only for clear error and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.'" *Long v. Commonwealth*, 72 Va. App. 700, 712 (2021) (alteration in original) (footnote omitted) (quoting *Ornelas v. United States*, 517 U.S. 690, 699 (1996)).

Minns relies on the assertion that the arresting officer did not have probable cause to make his arrest; thus, the subsequent search of his person and seizure of drugs and a gun were per se unreasonable and violative of the Fourth Amendment. *Katz v. United States*, 389 U.S. 347, 357 (1967); *Beck v. Ohio*, 379 U.S. 89, 91 (1964). Under the Fourth Amendment, "an officer who stops and detains a person for investigative questioning 'must be able to point to specific and articulable

facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" *United States v. Sprinkle*, 106 F.3d 613, 617 (4th Cir. 1997) (quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968)).  To determine the validity of an investigatory stop, a court is required to examine the facts using a totality of the circumstances analysis.  *Reed v. Commonwealth*, 31 Va. App. 262, 266 (2000).  The facts and circumstances relied upon by the officer to have a "particularized and objective basis for suspecting legal wrongdoing" must have been available to him at the time of the stop, not after the investigatory process has commenced.  *United States v. Arvizu*, 534 U.S. 266, 273 (2002); *Terry*, 392 U.S. at 21-22.

Minns argues that the circuit court erred because Officer Roberts should have recognized that Minns was a male before the stop.  Therefore, Minns was not and could not have been the owner of the Acura.  According to Minns, Officer Roberts had dispelled—or reasonably should have dispelled—concerns that the driver and sole occupant of the car was Yolanda Pickett when Officer Roberts observed Minns at close range exiting and getting back into the car in the parking lot of the 7-Eleven.  Given this, Minns argues that Officer Roberts possessed no probable cause or reasonable articulable suspicion of criminal activity when he demanded that Minns get back in the car and produce identification.  Lastly, Minns argues that the circuit court should have granted the motion to suppress evidence derived from an illegal warrantless search conducted in the absence of probable cause or a reasonable articulable suspicion of criminal activity.

Overall, Minns argues that the arresting officer conducted an unconstitutional stop, search, and seizure because he never saw a crime being committed by Minns, never had reasonable suspicion that Minns was involved in any crime, and thus had no probable cause to make the arrest and subsequent search and seizure.

In *Mitchell v. Commonwealth*, 73 Va. App. 234, 249 (2021), this Court found that a defendant's motion to suppress was properly denied because the arresting officer had reasonable,

- 4 -

articulable suspicion to initiate a stop of defendant's vehicle where the officer found that: (1) the vehicle's owner was subject to a warrant and (2) the driver matched the descriptors of the vehicle's owner. Therefore, it is permissible for an officer to execute a stop and seizure if the officer can demonstrate "at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of the law[.]" *Id.* at 246 (alteration in original) (citation omitted). "[A]n officer's belief that the registered owner [of a suspect vehicle] is the driver of the car is a 'commonsense inference . . . , which provide[s] more than reasonable suspicion to initiate the stop[]' under the Fourth Amendment." *Id.* at 249 (second, third, fourth, and fifth alterations in original) (quoting *Kansas v. Glover*, 140 S. Ct. 1183, 1188 (2020)).

Even though a suspected suspended license alone can rise to the level of reasonable suspicion for a lawful seizure, a totality of the circumstances analysis is still required. *Id.* (quoting *Glover*, 140 S. Ct. at 1191). "Accordingly, if facts known to an officer negate the commonsense inference that the registered owner is in the car, the fact that the registered owner is subject to seizure does not provide an officer with sufficient reasonable, articulable suspicion to stop the vehicle." *Id.* at 249-50. Minns argues that Officer Roberts had no reason to stop him because the officer should have known he was not the true owner of the car (Yolanda Pickett). However, the circuit court concluded that the knowledge Officer Roberts had available to him at the time was sufficient to initiate the stop and execute the search. The circuit court concluded that all the factors in combination gave Officer Roberts the reasonable suspicion to execute the stop and subsequent seizure: (1) a green Acura had successfully evaded the police in the area and a call to be on the lookout for a vehicle matching this description; (2) he had seen a vehicle matching the description and ran the tags to confirm it was the same vehicle; (3) he had been unable to ascertain who or how many occupants were in the vehicle and, thus, followed the vehicle; (4) the same vehicle had evaded

- 5 -

police; (5) the identity of the driver was not known until after the stop; (6) the vehicle passed several parking lots until it arrived at a hotel, at which time the occupant in the driver's seat (Minns) quickly exited the vehicle through the passenger side door and ignored initial commands from the officer to stop; and, (7) Roberts smelled alcohol on Minns's breath.

The circuit court heard this evidence and determined Officer Roberts's testimony was credible. Here, "when conducting appellate review on [a] question of fact, . . . the trial court's [finding] must be affirmed unless it is plainly wrong or without evidence to support it." *Sheppard v. Commonwealth*, 250 Va. 379, 387 (1995). Due to the weather conditions and time of night when Officer Roberts observed Minns enter and exit the 7-Eleven, he could not identify Minns's gender, appearance, or the number of individuals in the vehicle. Following the valid stop, the officer observed that Minns had signs of intoxication (bloodshot eyes, scent of alcohol, slurred speech). Minns submitted to field sobriety tests, which he failed. The officer made an arrest based on probable cause that Minns was driving under the influence. *Jones v. Commonwealth*, 279 Va. 52, 59-60 (2010).[1] Thus, we cannot say the circuit court erred in admitting the drugs and gun discovered during the search incident to arrest. *See Burgess v. Commonwealth*, 14 Va. App. 1018, 1023 (1992). The circuit court, therefore, did not err in denying Minns's motion to suppress.

As we have reached the threshold question of whether the initial stop and subsequent search, arrest, and seizure were all valid, we need not address further arguments of when an officer's investigatory duties cease by deciding the case on the best and narrowest grounds is a doctrine of judicial restraint an appellate court must follow. *Commonwealth v. White*, 293 Va. 411, 419 (2017).

---

[1] Probable cause exists "when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed." *Buhrman v. Commonwealth*, 275 Va. 501, 505 (2008) (quoting *Taylor v. Commonwealth*, 222 Va. 816, 820 (1981)); *Robinson v. Commonwealth*, 273 Va. 26, 40 (2007); *Parker v. Commonwealth*, 255 Va. 96, 106 (1998).

CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*